**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
  ericstahl@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Defendants
JORDAN PEELE, BLUMHOUSE
PRODUCTIONS, LLC, QC ENTERTAINMENT,
AND NBCUNIVERSAL MEDIA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TIA GRIFFIN,<br><br>            Plaintiff,<br><br>    vs.<br><br>JORDAN PEELE, BLUMHOUSE PRODUCTIONS, QC ENTERTAINMENT, AND NBC UNIVERSAL MEDIA, LLC,<br><br>            Defendants. | Case No. 5:17-cv-01153-JGB-KK<br><br>**[PROPOSED] ORDER RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT** |

The Motion to Dismiss the Complaint of Plaintiff Tia Griffin ("Plaintiff"), filed by Defendants Jordan Peele, Blumhouse Productions, LLC, QC Entertainment and NBCUniversal Media, LLC, ("Defendants"), came on for hearing on August 21, 2017 in Courtroom 1 of the above-entitled Court. Having reviewed and considered the Motion and all other papers submitted, and having heard the arguments of the parties, the Motion is **GRANTED**. The Court finds that:

1. Plaintiff's three "counts," each of which purports to assert a claim under federal copyright law, fail to state a claim for which relief can be granted because there is no substantial similarity of protected expression between her book, "The Book," and Defendant's motion picture, "Get Out." See Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (to establish copying, plaintiff must prove that defendant had access to the allegedly infringed work and that defendant's work is substantially similar to protectable elements of the allegedly infringed work).

2. Independently, the Court finds that Plaintiff's three counts fail because Plaintiff has not alleged that any of the Defendants had access to her work. Id.

3. Plaintiff's Second and Third Counts independently fail to the extent they assert claims for reverse passing-off, based on Plaintiff's allegations that the Film does not credit Plaintiff or her Book, because those claims are barred by Dastar Corp. v. 20th Century Fox Film Corp., 539 U.S. 23 (2003).

4. Plaintiff's Third Count, for "copyright infringement and unfair competition," also fails because unfair competition laws do not apply to allegations of uncredited copying of literary works, and such claims are preempted by the Copyright Act

//
//
//

1

5. Plaintiff cannot cure the defects her Complaint by amending.

Accordingly, for the reasons set forth above, the Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: _____  By:_____
                                                      Hon. Jesus G. Bernal
                                                      United States District Judge

[PROPOSED] ORDER
4829-0658-7211v.2 0103245-000008