**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**U.S. COURTHOUSE, ROOM G8**
**LOS ANGELES, CALIFORNIA 90012**

**OFFICIAL BUSINESS**

```
Case: 5:17cv1153   Doc: 39




Tia  Griffin
care of D Griffin
2442 Iowa Avenue Suite P14
Riverside, CA 92507
```

JGB

VACANT

09/07/17
925075507-1N
RETURN TO SENDER
VACANT
UNABLE TO FORWARD
RETURN TO SENDER

FILED
CLERK, U.S. DISTRICT COURT

SEP 26 2017

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION       BY DEPUTY

Returned mail
DKT NO. 39

Case: 5:17cv1153   Doc: 39

Tia  Griffin
care of D Griffin
2442 Iowa Avenue Suite P14
Riverside, CA 92507

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Message-Id:<24124468@cacd.uscourts.gov>Subject:Activity in Case 5:17-cv-01153-JGB-KK Tia Griffin v. Jordan Peele et al Order on Motion for Leave to File Document Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 8/29/2017 at 11:44 AM PDT and filed on 8/29/2017

| | |
|---|---|
| **Case Name:** | Tia Griffin v. Jordan Peele et al |
| **Case Number:** | 5:17-cv-01153-JGB-KK |
| **Filer:** | |
| **Document Number:** | 39 |

**Docket Text:**
MINUTE Order: (1) GRANTING Plaintiffs Motion for Leave to file a First Amended Complaint (Dkt. Nos. [32], 35); (2) DENYING as MOOT Defendants Motion to Dismiss (Dkt. No. [19]); and (3) VACATING the September 11, 2017 Hearing (IN CHAMBERS) by Judge Jesus G. Bernal. (SEE ORDER FOR FURTHER DETAILS) For the foregoing reasons, the Court GRANTS Plaintiffs Motion for leave to file a First Amended Complaint, and DENIES Defendants motion to dismiss as MOOT. Plaintiff shall file her amended complaint, if any, by September 6, 2017. (iva)

**5:17-cv-01153-JGB-KK Notice has been electronically mailed to:**
Diana Palacios     nancygonzalez@dwt.com, dianapalacios@dwt.com
Kelli L Sager     kellisager@dwt.com, vickyisensee@dwt.com
Eric M Stahl     ericstahl@dwt.com, seadocket@dwt.com, christinekruger@dwt.com
**5:17-cv-01153-JGB-KK Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Tia Griffin
care of D Griffin
2442 Iowa Avenue Suite P14
Riverside CA 92507
US

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1153 JGB (KKx) | Date | August 29, 2017 |
| Title | *Tia Griffin v. Jordan Peele, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order: (1) GRANTING Plaintiff's Motion for Leave to file a First Amended Complaint (Dkt. Nos. 32, 35); (2) DENYING as MOOT Defendants' Motion to Dismiss (Dkt. No. 19); and (3) VACATING the September 11, 2017 Hearing (IN CHAMBERS)

Before the Court is Plaintiff's Motion for Leave to file a First Amended Complaint. (Dkt. Nos. 32, 35.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion. The September 11, 2017 hearing is VACATED.

## I. BACKGROUND

On June 13, 2017, Tia Griffin ("Plaintiff") filed a complaint for copyright infringement against Jordan Peele, Blumhouse Productions, QC Entertainment, and NBC Universal Media, LLC (collectively, "Defendants"). (Dkt. No. 1.) On July 12, 2017, Defendants filed a motion to dismiss. (Dkt. No. 19.) Plaintiff filed a Motion for Leave to file a First Amended Complaint on August 1, 2017. (Dkt. No. 32.) On August 4, 2017, however, Plaintiff filed a Notice of Correction, to include a memorandum of points and authorities to the previously filed proposed amended complaint. ("Motion," Dkt. No. 35.) Defendants filed their Opposition to Plaintiff's Motion on August 21, 2017. ("Opp'n," Dkt. No. 38.)

## II. LEGAL STANDARD

Because Plaintiff filed the Motion to amend before the Court issued its Scheduling Order, the Court looks to Federal Rule of Civil Procedure 15 to determine whether to grant or deny Plaintiff's Motion. See Fed. R. Civ. P. 15. Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "[t]his policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). However, leave to amend is not automatic. In Foman v. Davis, 371 U.S. 178, (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Id. at 182.

However, the Ninth Circuit has made clear that "it is the consideration of prejudice to the opposing party that carries the greatest weight" and that prejudice is the "touchstone of the inquiry under rule 15(a)." Aspeon, 316 F.3d at 1052 (internal quotation marks omitted.) Absent prejudice, or a strong showing of any of the remaining Foman factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original.)

## III. DISCUSSION

Plaintiff moves for leave to file a First Amended Complaint under Federal Rule of Civil Procedure 15, arguing that "significant factual and procedural developments have [] occurred since" she filed her original complaint, such as, "more examples of infringement." (Motion at 1-2.) To this end, Plaintiff argues that Defendants will not be prejudiced if the Court were to grant her Motion, her proposed amendment would not be futile, and "[she] moved swiftly to file these papers once [she] realized the need to report [her] additional information." (Motion at 4.) Plaintiff, therefore, maintains that granting her Motion would further the interests of justice. (Id.)

Defendants, on the other hand, argue that "Plaintiff's eleventh-hour proposed amendment should be rejected because it was brought with undue delay and in bad faith, and it would unfairly prejudice Defendants." (Opp'n at 1.) Defendants maintain that Plaintiff's Motion is in bad faith because she does not allege any new facts or theories or developments since the case was filed, while at the same time, argue that they would be prejudiced if the Motion were granted because Plaintiff submitted her proposed FAC "in a manner calculated to deprive Defendants of the ability to address her new allegations before the hearing on Defendants' Motion to Dismiss." (Id. at 11-12.) Defendants also argue that any amendment would be futile in "the absence of any objective similarity between her self-help dating book and Defendants' horror film," "as a review of the two works confirms. (Id. at 1, 11.) Defendants' arguments are unavailing.

First, the Motion is timely. As mentioned above, no scheduling order has been issued. Further, Defendants were on notice of the substance of Plaintiff's copyright infringement claims, and she only seeks to add an additional example of alleged infringement. Contra Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)(stating that undue prejudice may be found where the amendments sought would require the opposing party to conduct additional discovery because the claims added by amendment "advance different legal theories and require proof of different facts." ). "[W]here a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to the defendant in allowing the amendment." Sierra Club v. Union Oil Co. of Cal., 813 F.2d 1480, 1493 (9th Cir. 1982). Although the parties dispute whether Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading," this consideration is not dispositive of undue delay. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 952-54 (9th Cir. 2006). Courts have declined finding undue prejudice in circumstances presenting far greater prejudice. See Talwar v. Creative Labs, Inc., No. CV05-3375FMC(AJWX), 2007 WL 1723609, at *6 (C.D. Cal. June 14, 2007)("Although Plaintiffs did not move for leave to amend at the very first opportunity, the delay from December 2005 to May 2006, is not necessarily unreasonable."); Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 531 (N.D. Cal. 1989) (finding no undue prejudice even though amendment would require defendant to depose "numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery"). Thus, the Court is persuaded that granting the Motion would not unduly prejudice Defendants.

Second, Defendants have not made a sufficiently strong showing that Plaintiff intentionally engaged in dilatory pleading practices or acted in bad faith. Defendants take issue with Plaintiff's decision to file her Motion after Defendants filed their motion to dismiss. Even so, this consideration alone does not warrant a finding of bad faith, particularly where, as here, Plaintiff is proceeding pro se and claims that Defendants failed to meet and confer with her prior to filing their motion to dismiss. Apart from challenging the merits of Plaintiff's claims, Defendants offer no evidence that would indicate a wrongful motive.

Third, the Court is not convinced that amendment would be futile. A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "Where a party repeatedly fails to cure deficiencies through previous amendments, the court may deny leave to amend." Dixon v. Magna-RX, Inc., No. CV1407196BROGJSX, 2016 WL 1397584, at *4 (C.D. Cal. Mar. 31, 2016). Taking Plaintiff's allegations as true, the Court cannot conclude that Defendants have met their burden to show that amendment would be futile.

In light of the liberal pleading standard in favor of amendment provided by Rule 15, and because Defendants fail to demonstrate that they would suffer undue prejudice, the Court GRANTS Plaintiff's Motion for leave to file a First Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for leave to file a First Amended Complaint, and DENIES Defendant's motion to dismiss as MOOT. Plaintiff shall file her amended complaint, if any, by September 6, 2017.

**IT IS SO ORDERED.**